UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHS-ROSSMORE, LLC., <br><br> Plaintiff, <br><br> v. <br><br> ROSS MARY AROCHE, <br><br> Defendant. | CV08-01999 SVW (MANx) <br><br> ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR REMAND [17] |

**I. Introduction**

　　Plaintiff MHS-Rossmore, LLC., ("Plaintiff") filed this unlawful detainer action in the Los Angeles Superior Court on March 20, 2008. Defendant Ross Mary Aroche ("Defendant") removed this action to federal court on March 28, 2008. Defendant argues that removal is proper pursuant to 28 U.S.C § 1441(b) because the federal court has original jurisdiction under 42 U.S.C. § 1437f and 24 C.F.R. § 982.1 et seq. (Opp., at 8.) Plaintiff moves to remand, alleging that the claim does not arise under federal law. (Mot., at 2.) Pursuant to the reasoning set forth below, the Court remands this action to the Los Angeles Superior Court.

**II. Analysis**

    **A. Standard of Review**

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). As near as the Court can discern, Defendant asserts that removal is proper for three reasons: 1) Section 8 creates a federal cause of action, 2) determinations of whether Plaintiff had good cause to evict a tenant require a resolution of a substantial federal question, and 3) Section 8 pre-empts the state law cause of action.

    **B. Federal Law Does Not Create a Cause of Action for Plaintiff's Claim**

Defendant asserts that Plaintiff's case presents a federal cause of action because Plaintiff's unlawful detainer claim references Section 8, a federal program governed by Section 1437f. (Opp., at 2.) Defendant, however, cites to no authority establishing a federal cause of action under Section 8, instead asserting only that nothing

in 24 C.F.R. § 982.310 precludes the filing of an eviction proceeding in federal court.  (Id.)  24 C.F.R. § 982.310(e), however, only provides for owner termination of a Section 8 tenancy under state or local law.  See also Gallman v. Pierce, 639 F. Supp. 472, 478 (N.D. Cal. 1986) ("termination proceedings under Section 8's existing housing program are left by Congress and HUD to state law.")  Plaintiff's claim, therefore, does not establish a federal cause of action.

**C. Plaintiff's Right to Relief Does Not Depend on Resolution of a Substantial Question of Federal Law**

Defendant argues that the unlawful detainer action requires resolution of a substantial federal question because determinations of good cause to evict a Section 8 tenant are governed by § 1437f. The claim on its face, however, does not assert a substantial question of federal law.  The Complaint states only that the initial rental agreement was a "Section 8 agreement" and that the "Section 8 agreement [was] terminated by 90 Day Notice to change Rental Obligation."  (Compl., at 1-2.)  Defendant's assertion that the issue that must be resolved in this case is whether Plaintiff violated Section 8 requirements is a defense to the unlawful detainer cause of action, and as such does not create a federal question on the face of the Complaint.  (Opp., at 2.)  See also Caterpillar Inc., v. Williams, 482 U.S. 386, 393 (1987) (holding that "a case may not be removed to federal court on the basis of a federal defense...even if the defense is anticipated in the plaintiff's complaint, and even if

both parties concede that the federal defense is the only question truly at issue."); Las Casitas Associates v. Ramirez, 1994 WL 618491 at *2 (N.D. Cal. Oct. 25, 1994) (holding that "[a]lthough a possibility exists that plaintiff's unlawful detainer action might be defeated by defendant's assertion of lack of good cause pursuant to 42 U.S.C.A. § 1437f and 24 C.F.R. § 247, plaintiff's claim is not converted into a federal question.") (internal citations omitted).

**D. Section 8 Does Not Pre-empt State Law**

Although Defendant does not allege a federal cause of action that pre-empts state law, Defendant seems to argue that removal is proper because Section 8 pre-empts the state law unlawful detainer cause of action. (Opp., at 4.) A state claim may be removed to federal court "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). Defendant provides no authority that indicates that 42 U.S.C. § 1437f(c), or 24 C.F.R. § 982.1 et. seq., pre-empt state law. Congressional implementation of Section 8 housing regulations did not pre-empt state law. Instead, Section 8 explicitly authorizes state participation. See 24 C.F.R. § 982.310; See also Stevenson v. San Francisco Housing Authority, 24 Cal. App. 4th 269, 281 (1994) (noting that Section 8 legislation "envisions participation by States in the implementation of the program, thus, reducing the persuasiveness of the argument in favor of preemption."); Attorney General v. Brown, 511 N.E.2d 1103, 1105-06

(Mass. 1987) (holding that Section 8 encourages participation by states in implementation of the program).

### E. Plaintiff is Not Entitled to Recover Attorney's Fees

Plaintiff's request for $2,100 in attorney's fees is denied. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  Plaintiff makes no argument that Defendant's removal was objectively unreasonable and the Court does not find that Defendant had an objectively unreasonable basis for removal.

## III. Conclusion

Based on the foregoing reasons, Plaintiff's Ex Parte application for remand should be GRANTED.

IT SO ORDERED.

DATED:  June 17, 2008

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

5